TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WENYI ZHENG<br><br>Defendant. | Case No. 2:20-CR-0128<br><br>UNITED STATES' SENTENCING MEMORANDUM AND POSITION ON SENTENCING FACTORS<br><br>Judge Barlow |

In 2019, WENYI ZHENG ("ZHENG") was named in a three count Indictment for a Walmart Gift Card Conspiracy and Wire Fraud Scheme he was involved with in 2019. ZHENG took responsibility for his actions and pleaded guilty to one count of wire fraud and agreed that a stipulated sentence pursuant to 11(c)(1)(C) of 36-months' incarceration was a reasonable sentence. The United States requests the Court sentence ZHENG to 36 months of imprisonment, a 3-year term of supervised release, and a restitution order of $217,200.00.

### I.   SENTENCING GUIDELINE RANGE

All sentencing proceedings should begin with correctly calculated sentencing guidelines. *United States v. Rosales-Miranda*, 755 F.3d 1253, 1259 (10th Cir. 2014). ZHENG's Pre-Sentence Investigation Report (PSI) identifies his sentencing guideline range as 41 to 51 months.

According to the PSI, ZHENG's guidelines are as follows:

1

| | |
|---|---|
| Base offense Level | 7 |
| Loss Amount | +14 |
| Offense involved 10 or more victims | +2 |
| Specific misrepresentations under §2B1.1(b)(9)(A) | +2 |
| Acceptance of Responsibility under §3E1.1(a) & (b) | -3 |

Total offense level 22, which yields a guideline range of 41-51 months.

The United States believes a +2 for vulnerable victims under 3A1.1(b)(1) should also apply. One of the victims, D.G., was 86 years old at the time of the offense. Elderly individuals are more likely to fall for a telemarketing scheme, both because they are unfamiliar with technology and because they may lack capacity. The Sentencing Guideline Application Notes identify vulnerability due to age as a factor in applying this enhancement. The Application Notes define "vulnerable victim" in part, as a person who "is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." §3A1.1(b)(1) Application Note 2.

According to D.G.'s child in 2019,

> My dad is 86 years old. He has spent his life serving his country, community, church, and family. He is a United States Army veteran and served for many years on community, college, and church boards. His life work was in banking and trust. He worked for many years with a charitable foundation. He has been an exemplary husband and father to our family. Falling for this scheme is contrary to his normal behavior. He thought his actions were helping to protect his identity and bank accounts. It is very sad that people would take advantage of the elderly in this way.

Because this is a telemarketing scheme and the nature of this scheme is designed to target susceptible individuals, the United States believes the vulnerable victim enhancement should apply. In addition, the United States charged a conspiracy, and while ZHENG did not contact D.G. himself, one of his coconspirators did, and that individual

certainly would have been able to tell by D.G.'s voice and actions that he was an elderly man. Because of that, ZHENG should have known that at least one victim of this scheme was an elderly individual. If the enhancement is applied, ZHENG's guidelines would be 51-63 months. While this is a (c)(1)(C) plea to a specific sentence, this higher guideline range should be considered when considering the reasonableness of a 36-month sentence of incarceration.

## II. SENTENCING ARGUMENT

Following a calculation of the applicable Guidelines range, the Court must consider the application of the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012). The Court should consider each of the § 3553(a) factors, explain the chosen sentence, and explain any deviation from the Guidelines range. *United States v. Shuck*, 713 F.3d 563, 570 (10th Cir. 2013). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) the need to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Additionally, the Court must consider the kinds of sentences available, the range set forth by the Guidelines, any pertinent policy statements by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims of the offense. *Id.* A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that a sentence of 36 months is appropriate.

1. **Nature and Circumstances of the Offense and History and Characteristics of the Defendant Justify a 36-Month Sentence**

ZHENG's criminal acts have had real costs including the serious financial losses these victims have faced. Even the unknown victims likely had to take significant time to repair their credit and, where feasible, be reimbursed for their losses. Zheng aligned himself with a pervasive gift card scam that wreaks havoc on individuals, takes advantage of trust, and because these fraudsters deal in gift cards, the crime is much more difficult to trace than a typical identity theft. This kind of identity theft undermines the safety of the United States' financial system and citizen confident in the same.

ZHENG's only legal status in this country comes from having a pending asylum application. But, after finding himself in need of political asylum, instead of taking advantage of the freedoms and privileges of being in the United States, he aligned himself with at least 2 other Chinese nationals to commit this crime. And while ZHENG has no known criminal history in this country, the circumstances of his arrest in this case are troubling. ZHENG, as fleshed out in an evidentiary hearing in front of this Court on 3/30/2022, was involved in other criminal conduct when arrested on this case. (See ECF No. 32).

Moreover, this was nothing more than a fraud scheme from the very start. The Court has sentenced many defendants who commit crimes born out of desperate circumstances such as drug addition or indigence. ZHENG does not face these inequities yet chose to participate in this fraud

scheme. The nature and circumstances of the offense and the history of the defendant here warrants the significant punishment requested.

    **2.**    **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Respect for the Law, Provide Just Punishment, Promote Deterrence, and Protect the Public from Further Crimes of the Defendant All Support a 36-Month Sentence**

ZHENG has been directly tied to losses of $217,200, although actual losses of this scheme will never be known. That amount, in and of itself, is serious. The harm inflicted here, though, is compounded by the fact that because this kind of gift card scam is largely untraceable, the United States does not know whether proceeds of this scheme were used to enhance the fraudsters' quality of life, were largely transferred out of the United States, or worse, were tied to foreign government sanctioned activities. ZHENG, as part of his plea, has agreed that for purposes of calculating his sentencing guidelines, he agreed to a loss amount of $817,000. This loss is established by using 2B1.1(3)(F)(i) (Special Rules for Stolen or Counterfeit Credit Cards or Access Devices; Purloined Numbers and Codes), which provides that in cases involving unauthorized access devices or purloined numbers and codes, loss can be calculated by calculating $500 per unauthorized access device possessed. ZHENG was found with 1634 fraudulent gift cards, so for purposes of calculating his guidelines, loss is agreed to be $817,000.

The United States' recommended sentence of 36 months' imprisonment reflects the seriousness of the offense, provides just punishment, promotes respect for the law, and affords adequate deterrence (both specific and general) while at the same time recognizing that ZHENG has acknowledged his wrongdoing and has taken responsibility for his criminal conduct fairly early in this case, without significant litigation.

The need for deterrence here is two-fold: to deter ZHENG from future offenses, and to deter the general public from considering similar crimes. The United States is confident that the

proposed custodial sentence (36 months) and collateral consequences of this case will prevent ZHENG from committing similar crimes in the future. It should also deter others considering similar offenses, which is particularly important here in this state.

The United States' requested sentence of 36 months provides just punishment for this offense, promotes respect for the law, protects the public from further crimes of the defendant, and provides both specific and general deterrence in a critical area (financial crimes) where such deterrence is essential.

### 3. The Proposed Sentence Avoids Unwarranted Sentencing Disparities

The 36 months' proposed sentence is slightly below the applicable Guidelines range if the Court adopts the current PSI, or is just over a 25% reduction below the low end of the guidelines if the Court adopts the Government's proposed calculations. This significant custodial sentence would appropriately punish and deter ZHENG while avoiding any unwarranted disparities among similarly situated defendants.

### III   CONCLUSION

Based on the foregoing, the United States recommends that the Court sentence ZHENG to 36 months' incarceration and 3 years of supervised release to follow. The United States further asks the Court to order ZHENG to pay $217,200 in restitution to the victims. This order would be joint and several with his codefendants. As set forth above, this sentence would be sufficient, but not greater than necessary, to punish and deter ZHENG and others from committing similar crimes in the future.

Dated: March 13, 2023

Respectfully submitted,
TRINA A. HIGGINS
United States Attorney

*s/ Ruth Hackford-Peer*
RUTH HACKFORD-PEER

Assistant United States Attorney